Mokell, J.
(dissenting.) The competency of the appraisal made by Douglass and Van Saun, as evidence of damage, depends upon the sufficiency of the submission. The submission is signed by Boyd & Fellows, “ committee on behalf of the several companies.” There is some evidence that the defendants assented to and united in the appointment of a committee, but I am unable to find any evidence of an authority to such committee to appoint appraisers, and by a written submission to make their award binding upon the defendants, The plaintiff testified that Mr. Rankin, the defendants’ secretary, said “ they should appoint a committee to settle the loss.” Boyd, one of the committee, said he was informed that Mr. Fellows and himself had been appointed “'to investigate the loss;” Mr. Rankin said the committee were to “ inquire into the plaintiff’s loss.” This is, substantially, all the evidence in respect to the appointment of such committee, and it is, in my opinion, insufficient to show any authority to submit to appraisal and to agree that the result of the appraisement should conclude the defendants.
As a matter of fact, the referee decided that the appraisal was not conclusive ; yet he admitted it in evidence, against the defendants’ objection. That was erroneous. If the sub *513 mission and award were not legal and binding, then all and any part was incompetent as evidence, and should have been ■ excluded. The defendants may have been willing to submit the settlement of the loss .to Boyd and Fellows, who were connected with some of the companies, having confidence in their judgment and discretion, while they would be unwilling to confide the settlement to others. At any rate, there is no evidence of any authority given to Boyd and Fellows to appoint appraisers, or to bind the defendants by their award.
The defendants' exhibits, Nos. 1 and 2, which were offered in evidence and excluded by the referree, may have been competent to show, as stated by the defendants’ counsel, that the submission and award were abandoned by the parties, but as they are not printed in the case, or copies furnished to us, we are unable to say whether they were improperly excluded.
There were several questions put to witnesses in respect to the value of the goods, and excluded by the referee, which I think were clearly proper.
Mr. Warren had testified that shortly before the fire he had purchased $2000 of goods of the plaintiff, to be selected from his entire stock ; that he selected the most saleable goods, and examined the whole stock, and had exposed them for sale. He was asked : “ What efforts did you use to find purchasers ?” “What was the best offer you could get ?” “For how much did you sell them ” These questions were excluded by the referee. Dolan, who had purchased the goods from Warren, was asked what he gave for them, and what was their fair cash value. The referee excluded the answer, as also what was realized by the auction sales of the goods.
The question before the referee was the loss and damage to the goods. Proof of the value of goods selected a few days before the fire from the general stock of the plaintiff, was some evidence of the value of the goods remaining. It was competent, although, perhaps, slight. We cannot speculate on the effect of incompetent evidence ; nor can we say that the answers to the questions overruled might not have materially *514 changed the result. Upon exceptions we can only determine whether there has been error.
I am of opinion that the judgment should be reversed, the order of reference vacated, and a new trial had, with costs to abide the event, '
Judgment affirmed.